UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN WINDES AND PAUL POTTHARST** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-5320** |
| **HAEUSER INSURANCE AGENCY, INC. ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Haeuser Insurance Agency's motion to dismiss,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is **GRANTED**, and the claims

against Haeuser Insurance Agency are **DISMISSED**.  (Document #12.)

**IT IS FURTHER ORDERED** that Elder Claims Services, Inc.'s motion to dismiss,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is **GRANTED**, and the claims

against Elder Claims Services, Inc. are **DISMISSED**.  (Document #11)

## I. BACKGROUND

Susan Windes and Paul Pottharst suffered damage to their property as a result of

Hurricane Katrina and Hurricane Rita.  The property was covered by a national flood insurance

policy of  the Federal Emergency Management Agency (FEMA), which the plaintiffs purchased

through Haeuser Insurance Agency, Inc. (Haeuser).  The plaintiffs purchased building coverage of up to $250,000 with a $1,000 deductible and personal property coverage of up to $24,300 with a $1,000 deductible.

The plaintiffs notified the defendants that they had sustained a loss and received a claim number.  Elder Claims Service, Inc. (Elder) was assigned by FEMA to adjust the FEMA claims.  FEMA paid the plaintiffs $194,384.75 for flood loss to the building and $24,300 for contents.

The plaintiffs filed a complaint asserting federal question jurisdiction under 42 U.S.C § 4702 of the National Flood Insurance Act (NFIA).[1]  The plaintiffs further allege that the defendants have not engaged in adequate loss adjustment of the claim, in violation of La. Rev. Stat. 22:658(A)(3), and have failed to pay the claim timely, in violation of La. Rev. Stat. 22:1220.  Haeuser and Elder filed  motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A.  Rule 12(b)(6) standard

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  Neitzke v. Williams,  109 S.Ct. 1827, 1832 (1989).  The complaint is liberally construed in favor of the plaintiff, and all facts pleaded in the complaint are taken as true.  See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986).  This Court does not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in

---

[1]     The claims for adjustment and payment of claims under § 4072 are against the Director of FEMA and are not the subject of these motions.

2

support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957).

**B. Haeuser's motion to dismiss**

Haeuser contends that the complaint fails to state a claim because there are no allegations that Haeuser is involved in handling the claim.

The National Flood Insurance Program, 42 U.S.C. § 4072, was established by Congress when it enacted the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.* Under the NFIA, FEMA may utilize private insurance companies to aid in the administration of the flood program. Federal law governs disputes arising from insurance polices issued under the NFIA. See United States v. St. Bernard Parish, 756 F.2d 1116 (5th Cir. 1985). The NFIA preempts state law claims for an adjustment of an insurance claim, which is considered "handling" of the claim. See, Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005).

The state law claims alleged in the complaint are preempted because the allegations involve only the handling of the flood insurance claim and arise under the NFIA. The plaintiffs allege that Haeuser sold the flood insurance policy, but make no allegations that Haeuser handled the claim. Further, there are no allegations against Haeuser that there were any misrepresentations or breach of duty in the procurement of insurance. Accordingly, it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim against Haeuser which would entitle them to relief, and the motion to dismiss the claims against Haeuser is granted.

**C.  Elder's motion to dismiss**

Elder contends that the plaintiffs' claims should be dismissed because all state-law, extra-contractual claims are preempted under the NFIA.  Elder argues that federal law establishes the duties of adjusters on such claims and establishes what is to be done regarding adjusting flood cases.

As discussed above, the state law claims are preempted because the claims involve the handling of the flood insurance claim.  Accordingly, the plaintiffs' complaint fails to state a claim against Elder upon which relief may be granted, and Elder's motion to dismiss is granted.

New Orleans, Louisiana, this  <u>30th</u>  day of January, 2007.

<u>Maryam Vial Lemmon</u>
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**