UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN WINDES AND PAUL POTTHARST | CIVIL ACTION |
| VERSUS | NO: 06-5320 |
| HAEUSER INSURANCE AGENCY, INC. ET AL. | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion for summary judgment of the Federal Emergency Management Agency is **GRANTED**.  (Document #26.)

## I. BACKGROUND

Susan Windes and Paul Pottharst suffered damage to their property as a result of Hurricane Katrina and Hurricane Rita.  The property was covered by a national flood insurance policy of the Federal Emergency Management Agency (FEMA),[1] which the plaintiffs purchased through Haeuser Insurance Agency, Inc. (Haeuser).  The plaintiffs purchased building coverage of up to $250,000 with a $1,000 deductible and personal property coverage of up to $24,300 with a $1,000 deductible.

---

[1] The Director of FEMA and the Federal Insurance Administrator are proper parties in actions arising udner the NFIA.  42 U.S.C. § 4072 and 44 C.F.R. § 62.22(a).

The plaintiffs notified the defendants that they had sustained a loss and received a claim number. Elder Claims Service, Inc. (Elder) was assigned by FEMA to adjust the FEMA claims. FEMA paid the plaintiffs $194,384.75 for flood loss to the building and $24,300 for contents.

The plaintiffs filed a complaint against FEMA, Haeuser, and Elder asserting federal question jurisdiction under 42 U.S.C § 4702 of the National Flood Insurance Act (NFIA). The plaintiffs allege that the defendants failed to adjust their claims timely and fairly. On January 30, 2007, the court granted motions to dismiss filed by Haeuser and Elder. FEMA filed a motion dismiss and, alternatively, a motion for summary judgment.

## II. DISCUSSION

### A. Summary judgment standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B. Proof of loss

FEMA contends that the plaintiffs have not submitted a proof of loss, which is a prerequisite to suit under the limited waiver of sovereign immunity provided by § 4072. FEMA argues that the failure to file a proof of loss precludes a waiver of sovereign immunity for any

claims related to the flood loss they sustained as a result of Hurricane Katrina.

Generally, a Standard Flood Insurance Policy (SFIP) requires an insured asserting a claim to file a proof of loss within 60 days, stating the amount claimed under the policy.  SFIP, ¶ VII(J)(4).  Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, the Federal Emergency Management Agency (FEMA) waived the requirement to file a proof of loss prior to receiving insurance proceeds.  Defendant's exh. 2.  Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report.  Id.  If the insured disagreed with the adjuster's report, a proof of loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. . . . The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim."

Id.

Courts have strictly enforced the requirement to file a timely proof of loss, holding that failure to timely file a proof of loss in compliance with regulatory requirements is a valid basis for denying a claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005).  "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."  Id. at 388.  Provisions of the SFIP must be strictly construed and enforced.  See  Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998).

The plaintiffs' loss occurred on August 29, 2005.  Because they disagreed with FEMA's

payment of the claim, the proof of loss was due one year from the date of loss. FEMA offers the affidavit of Karen Christian, an insurance examiner for the Mitigation Division of FEMA, to establish that the plaintiffs have not filed a proof of loss. Defendant's exh. 1. Further, the plaintiffs concede in their opposition to the motion for summary judgment that they have not filed a proof of loss.

The court is bound to construe strictly the provisions of an insurance policy issued under a federal program. Accordingly, there are no disputed issues of material fact concerning the filing of the proof of loss, and FEMA is entitled to judgment as matter of law barring claims for additional payment under the SFIP.

New Orleans, Louisiana, this  26th  day of April, 2007.

_____
       **MARY ANN VIAL LEMMON**
       **UNITED STATES DISTRICT JUDGE**